UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, as Subrogee
of Glen Hunter,

   Plaintiff,

v.s

ELECTROLUX HOME PRODUCTS INC.

   Defendant.
_____/

Case No. 2:08 cv 11150
Hon. Denise Page Hood
Magistrate Judge R. Stephen Whalen

Edward L. Johnson (P54646)
EDWARD L. JOHNSON, P.C.
Attorney for Plaintiff
725 S. Adams Road, Ste. L-124
Birmingham, Michigan 48009
(248) 723-7727
(248) 723-7827
edwardljohnson5@aol.com

James F. Hunt (P31208)
BERRY, JOHNSTON, SZTYKIEL,
 HUNT, & MCCANDLESS, P.C.
Attorney for Defendant
1301 W. Long Lake Rd., Ste. 250
Troy, Michigan 48098
(248) 641-1800
(248) 641-3845
jhunt@berryjohnstonlaw.com
_____/

## PROTECTIVE ORDER
## ELECTROLUX BLUEPRINTS AND DRAWINGS

  Based on the stipulation of the parties, as evidenced by the signatures of their respective

attorneys on this Protective Order for Electrolux Blueprints and Drawings and pursuant to Fed.

R. Civ. P. 26(c)(7);

IT IS HEREBY ORDERED that the Electrolux blueprints and/or drawings shall be protected from disclosure to third parties and may not be used for any purpose other than the above captioned litigation. The Defendant, Electrolux, has deemed the blueprints and/or drawings as confidential. Use of the drawings or blueprints for any purpose by the Plaintiff or its experts for any reason other than that specifically set forth in this Protective Order is prohibited.

Throughout the course of this Protective Order, the documents shall be referred to as the Electrolux blueprints and/or drawings.

1. Except upon prior written consent of Electrolux, the blueprints and/or drawings shall not be disclosed to any entity other than the following:

   A. The attorneys of record for any party, including the firm of EDWARD L. JOHNSON, P.C., counsel for the Plaintiff, and BERRY, JOHNSTON, SZTYKIEL, HUNT & McCANDLESS, P.C., counsel for the Electrolux, and such attorneys and their employees at the respective firms to whom it is necessary that the protected materials be disclosed in the preparation and conduct of this action.

   B. The Court and court personnel, including stenographic reporters, engaged in the proceedings, depositions or activities incidental to this action.

   C. Consultants or experts retained by the respective parties for the purposes of this action who sign a written acknowledgment of receipt of this Order which shall bind them to its terms. Subsequent to the receipt by counsel for Electrolux of an acknowledgement executed by Plaintiff's expert agreeing to be bound by the terms of the Protective Order, counsel for the Plaintiff will be provided with a copy of the blueprints and/or drawings for the use of the expert or experts.

   D. The opposing party, and its officers, directors, and employees to the extent necessary for the conduct of this action, who sign a written acknowledgment of receipt of this Order which shall bind them to its terms.

   E. State Farm, its counsel and its experts are prohibited from photocopying or making duplicates of the documents provided to them by Electrolux which have been deemed confidential under this Protective Order.

        F.        Or upon further Order of the Court modifying the terms and conditions of this Protective Order to permit and/or preclude the publication of the blueprints and/or drawings to another person or entity;

Nothing in this Order shall prevent the producing party, Electrolux, from using the documents in any way.

      2.      Within sixty (60) days after the conclusion of all trial court and appellate proceedings in this action, all originals and copies, if any, of the blueprints and/or drawings in the possession of the Plaintiff, the Plaintiff's attorneys, the Plaintiff's consultants and/or experts shall be returned to counsel for the Defendant. The documents shall be hand delivered to counsel for the Defendant or sent by certified mail, return receipt requested.

      3.      Any party knowing or believing that a person is in violation of or intends to violate this order may move the Court for an order to show cause seeking to hold that person in contempt of court and seeking such other relief as may be appropriate under the circumstances. Pending disposition of the motion by the Court, the person alleged to be in violation of or intending to violate this Order shall discontinue the performance of, and shall not undertake the performance of, any actions alleged to constitute a violation of this Order.

      4.      As used herein, "person" includes a natural person and any corporation, partnership, association, unincorporated association and any other entity, and their officers, directors employees and agents.

5. This Order shall remain in full force and effect and shall continue to be binding on all persons that are referred to herein until after the final disposition of this action, including appeals. The Court shall retain jurisdiction as to any application for enforcement or modification of the terms of this Order.

    s/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2008, by electronic and/or ordinary mail.

    s/William F. Lewis
    Case Manager

*The undersigned stipulate to entry of the above Order:*

| /s/ Edward L. Johnston, with consent | /s/ James F. Hunt |
|---|---|
| Edward L. Johnson (P54646)<br>EDWARD L. JOHNSON, P.C.<br>Attorney for Plaintiff<br>725 S. Adams Road, Ste. L-124<br>Birmingham, Michigan 48009<br>(248) 723-7727<br>(248) 723-7827<br>edwardljohnson5@aol.com | James F. Hunt (P31208)<br>BERRY, JOHNSTON, SZTYKIEL,<br>  HUNT, & MCCANDLESS, P.C.<br>Attorney for Defendant<br>1301 W. Long Lake Rd., Ste. 250<br>Troy, Michigan 48098<br>(248) 641-1800<br>(248) 641-3845<br>jhunt@berryjohnstonlaw.com |