UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
as Subrogee of Glen Hunter

        **Plaintiffs,**

v.                                    Case No. 08-11150
                                       HONORABLE DENISE PAGE HOOD

ELECTROLUX HOME PRODUCT, INC.,
HOME DEPOT USA, INC., and CONSUMERS POWER
COMPANY

        **Defendants.**
_____/

## ORDER

This matter is before the Court on Defendant Home Depot USA, Inc.'s Supplement Brief for Summary Judgment **[Docket No. 68, filed on October 23, 2009]**.[1] Defendant Electrolux filed a response on November 3, 2009 **[Docket No. 70]**, to which Defendant Home Depot replied on November 5, 2009 **[Docket No. 71]**.

Home Depot argues that, even if it is not entitled to contractual indemnity from Electrolux, it is entitled to common law indemnity. Both Home Depot and Electrolux recognize that, under Michigan law, a party may only seek indemnification where there are no representations of active negligence, as opposed to passive negligence, against the party seeking indemnification. The parties

---

[1] During oral argument, on December 16, 2009, Defendant Home Depot and Defendant Electrolux agreed that Defendant Home Depot USA, Inc.'s Motion for Summary Judgment Against Electrolux **[Docket No. 61, filed on August 24, 2009]** and Defendant Home Depot USA, Inc's Motion to Dismiss and for Summary Judgment **[Docket No. 52, filed on August 5, 2009]** should be terminated as moot.

1

differ, however, on what the Court should rely on in determining whether such representations have been made. Home Depot argues that the Court is limited to looking only at the primary plaintiff's complaint – in this case, what has been titled Plaintiff's Amended Complaint and Jury Demand. Electrolux, however, proffers testimony from its own experts, opining that Home Depot provided an improper vent for use with the dryer that was sold.[2] Home Depot argues that regardless of what Electrolux's experts allege, the sole issue for the Court is what the Complaint alleges.

Michigan courts have repeatedly stated that, "[i]n order to determine whether the indemnitee was 'actively' or 'passively' negligent, the Court looks to the primary plaintiff's complaint. *If that complaint* alleges 'active' negligence, as opposed to derivative liability, the defendant is not entitled to common-law indemnity." *Brown v. Unit Products Corp.*, 105 Mich. App. 141, 146 (1981) (emphasis added). *See also Parliament Construction Co. v. Beer Precast Concrete, Ltd.*, 114 Mich. App. 607 (1982); *Hill v. Sullivan Equipment Co.*, 86 Mich. App. 693 (1978); *Diekevers v. SCM Corp.*, 73 Mich. App. 78 (1976). Nothing in the case law authorizes a court to look beyond the Complaint. In the Complaint, there is no mention of Home Depot as being the provider of an improper vent. Home Depot is only implicated in Plaintiff's Complaint and Jury Demand for selling "the subject dryer to Plaintiff's insured Glen Hunter." Plaintiff's Amended Complaint and Jury Demand, ¶ 4. This allegation only constitutes passive negligence. The case alleged by Plaintiff in the Complaint is that the actual dryer was defective. Therefore, Home Depot is entitled to common law indemnity.

Accordingly,

**IT IS ORDERED** that Defendant Home Depot USA, Inc.'s Supplemental Brief for

---

[2] Even if the Court were to rely on the expert witness deposition testimony cited in Electrolux's responsive brief, whether or not the installer of the dryer was responsible for the venting may be a question of fact for the trier. In this case, the installer is alleged to be Consumers Power Company, not Home Depot.

Summary Judgment **[Docket No. 68, filed on October 23, 2009]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Home Depot USA, Inc.'s Motion for Summary Judgment Against Electrolux **[Docket No. 61, filed on August 24, 2009]** and Defendant Home Depot USA, Inc's Motion to Dismiss and for Summary Judgment **[Docket No. 52, filed on August 5, 2009]** are denied as **MOOT.**

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: February 24, 2010

       I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2010, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager